OPINION
Appellant, Charles J. Pearson ("Pearson"), appeals from the Ashtabula County Court of Common Pleas grant of summary judgment in favor of appellee, Progressive Preferred Insurance Company ("Progressive"), on January 14, 1999. Pearson was seeking payment from the underinsured automobile insurance provisions in his own policy and also the policy of the owner of the car he was driving. The following facts are relevant to a determination of this appeal.
On July 21, 1996, Pearson was driving a car eastbound on State Route 84 when a car driven by Julie Mysyk ("Mysyk") crossed over the center-line and collided with Pearson. Mysyk died in the collision. The car Pearson was driving was owned by Kelly Wank ("Wank"). There were three passengers in the car with Pearson: Morio Stewart, Marquette James and Angela Boomhower. Pearson suffered injuries resulting in approximately $100,000 in medical expenses. All the passengers riding with Pearson also sustained some injuries. Mysyk, whose liability was clear, had coverage under two policies of insurance, with a total aggregate maximum payout of $125,000. By agreement of the parties, the $125,000 was divided in the following amounts: Pearson received $54,946; Morio Stewart received $4,000; Marquette James received $54,946; Angela Boomhower received $4,000; Wank received $7,106 for damage to her vehicle.
Both Pearson and Wank had insurance policies with Progressive. Both had state minimum underinsured/uninsured coverage in the amount of $12,500 per person, $25,000 per accident. As is standard industry practice, Progressive quoted and billed one price for underinsured/uninsured motorist coverage. That is, neither Pearson nor Wank were billed separately for just underinsured motorist coverage.
A number of suits were filed with additional parties against additional defendants. Relevant to this appeal, Pearson, Morio Stewart and Angela Boomhower filed suit against Progressive, each seeking compensation under the underinsured motorist coverage provisions in both Wank's and Pearson's policies. Motions for summary judgment were filed by all the parties. Pearson set forth the argument he raises in the present appeal, which, encapsulated, is that Progressive has been billing him for underinsured motorist coverage when, under current law, there is no possibility Progressive will ever pay a claim under that policy provision. He argued that Progressive is consequently being unjustly enriched, which is unconscionable and against public policy. As a remedy, he requested that the court disregard any contract provisions or law that denies him payment, and asked that he be allowed recovery against both his and Wank's underinsurance provisions.
On January 14, 1999, the trial court entered judgment on the motions for summary judgment. The court determined that Morio Stewart and Angela Boomhower, each of whom had only received $4,000 from Mysyk's policies, were entitled to recovery under the underinsurance provisions in Wank's and Pearson's policies to the extent that each could prove damages. On the other hand, the court, applying R.C. 3937.18(A)(2) and the law as set forth inMotorists Mut. Ins. Co. v. Andrews (1992), 65 Ohio St.3d 362, determined that Pearson could not recover under the underinsurance provision of his or Wank's policy because those policy limits were $12,500 per person, and he had already been compensated in the amount of $54,946 from Mysyk's policies. Consequently, in Pearson's case, the court granted summary judgment in favor of Progressive. From this judgment, Pearson appeals, assigning the following error:
 "The trial court erred in granting summary judgment denying coverage where an automobile liability policy which provided for underinsured motorist protection as defined under R.C. 3937.18(A)(2) is void as against public policy, is unconscionable, and is otherwise unenforceable as the policy is applied to an insured who purchased underinsured coverage for the state minimum of $12,500/$25,000, and where the legal effect of the provision allows the insurance company to collect a premium for a benefit that by operation of law will never accrue to the insured."
A court of appeals' review of the grant of a motion for summary judgment is de novo. Burkholder v Straughn
(June 26, 1998), Trumbull App. No. 97-T-0146, unreported, at 5. Civ.R. 56(C) provides the rule governing motions for summary judgment. In construing Civ.R. 56(C), the Supreme Court of Ohio has stated that the moving party bears the burden of establishing that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds, construing the evidence in favor of the nonmoving party, can come to but one conclusion and that conclusion is adverse to the party opposing the motion. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Morris v.Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 46-47.
Pearson bought automobile insurance which, in accordance with state law, contains a provision for underinsured motorist coverage. Pearson purchased the minimum coverage required by R.C.4509.51(B), $12,500 per person, $25,000 per accident. He argues that, as a result of the amendments to R.C.3937.18(A)(2) enacted in S.B. 20, there are no circumstances under which any payment from his underinsurance policy would accrue to him, yet, as he is required to buy it, Progressive is being unjustly enriched as a result. R.C.3937.18(A)(2) states as follows:
 "Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for insureds thereunder against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." (Emphasis added.)
The trial court, in determining whether Pearson was entitled to coverage under his or Wank's underinsured motorist provision, applied R.C. 3937.18(A)(2) in conjunction with Andrews, supra. The syllabus ofAndrews states as follows:
 "When determining whether a motorist is underinsured within the meaning of R.C.3937.18(A)(2), the amount actually available for payment under the tortfeasor's liability insurance policy must be compared with the underinsured motorist coverage limits. If the amount available for payment is less than the insured's underinsured policy limits, then the insured is entitled to underinsured motorist coverage."
 Andrews is pre S.B. 20 law. As a result of S.B. 20,Andrews is no longer considered viable law. Maric v.State Farm Mut. Auto. Ins. Co. (Mar. 31, 2000) Lake App. No. 98-L-142, unreported, at 13; Smock v. Hall, (Jan. 22, 1999), Geauga App. No. 97-G-2090, unreported, discretionary appeal allowed (1999), 86 Ohio St.3d 1406, appeal dismissed (2000), 87 Ohio St.3d 1250; Littrell v.Wigglesworth (March 13, 2000), Butler App. Nos. CA99-05-092, CA99-08-141, unreported, 2000 Ohio App. LEXIS 933; Stickney v. StateFarm Mut. Auto. Ins. Co., (Oct. 19, 1998), Richland App. No. 98 CA 7, unreported, 1998 Ohio App. LEXIS 5222, discretionary appeal allowed (1999), 85 Ohio St.3d 1451; King v. W. Res. Group
(1997), 125 Ohio App.3d 1, discretionary appeal not allowed (1998), 81 Ohio St.3d 1502.
However, in this case, the trial court's application ofAndrews to Pearson was consistent with a correct application of R.C.3937.18(A)(2). In the present analysis, the effective section of R.C.3937.18(A)(2) states "[t]he policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." The amount of underinsurance potentially available to Pearson under the terms of his policy was $12,500. Pearson received a payment in the amount of $54,946 from Mycyk's policies. Because this amount exceeds the limits of his underinsurance policy, by definition Pearson was not underinsured in this incident. In this respect, the trial court was correct in concluding that Pearson was not entitled to any further compensation under his policy.
However, Pearson's argument is that the law should not be applied to him, and that he should be able to recover up to the limits of the policy, because to rule otherwise is to allow Progressive to collect premiums for a benefit which it will never have to pay out. He argues this is unconscionable, and the limitation on his policy is, therefore, void as against public policy. Legal issues aside, there are two factual difficulties with Pearson's argument. First, it is unknown how much, if any amount, Pearson is paying Progressive for underinsurance coverage. The premium for underinsurance coverage is lumped in with the uninsured motorist coverage, which is a valuable benefit, and there are no facts in the record indicating any specific amount that is being paid for just underinsurance. Second, Pearson contends that under no circumstances would he ever receive a payment under the underinsurance coverage. Because he carries the legal minimum coverage and all insured tortfeasors will always carry at least an equal amount, Pearson argues by definition he will never be underinsured and entitled to payment, although he is required to pay for the coverage. This conclusion overlooks the possibility that a tortfeasor carrying state minimum coverage of $25,000 per accident could hit a car containing four people and injure each of them in excess of $12,500. Under these facts, if the $25,000 was split four ways, each injured party would receive $6,250. In that case, any of the injured parties who had state minimum underinsurance coverage (as Pearson does) would be entitled to a payment of $6,250 from their policy. Thus, as this example indicates, it is possible for a payment to be made by the insurer to the policyholder of a minimum underinsurance policy. Since a payment is possible, insurers are entitled to charge a fee for the potential benefit, and this would not be unconscionable.
In terms of the legal argument, it is R.C. 3937.18(A)(2) that is preventing any payment from the underinsurance coverage in this case. Pearson argues this court should hold that law, as applied, void as against public policy. That would be a contradiction in terms, as that law is public policy. R.C.3937.18 was specifically amended to reverse the effect of Supreme Court of Ohio's holdings in Savoie v. Grange Mut. Ins Co. (1993),67 Ohio St.3d 500. To adopt Pearson's position would be to reinstate the superceded law of the third paragraph of the Savoie
syllabus for those people carrying the state minimum required underinsurance coverage, and for those people only. That clearly would be against public policy.
Pearson's assignment of error is without merit. We affirm the judgment of the trial court.
 ____________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., NADER, J., concur.